Dear Mr. Johnston:
You requested an opinion from this office asking whether there is a statute of limitations on a land agreement. You specifically ask whether a lease agreement between the previous council of the Town of Pollock and the former fire chief, though never signed or finalized, may be revoked by the current council.
From the facts set forth in your opinion request, the former Mayor and Town Council of Pollock and the former Fire Chief of Grant Parish Fire District #5 agreed to enter into a land/lease to build a fire department and training facility on land located in the industrial area of the fire district. The lease encompassed three (3) acres of land for $1.00 for ninety-nine (99) years. Although this agreement was brought up for vote and unanimously approved by the previous town council, it was never reduced to writing. The new council is now reconsidering the agreement.
Louisiana Revised Statute 41:1291 grants authority to political subdivisions to execute leases for any legitimate purpose. However, the lease must be in writing which is specifically provided for in LSA-R.S. 41:1292 and reads as follow:
 Such lease shall be in writing and shall contain a reasonably definite description of the property leased, the purposes for which the property is leased, the rental to be paid, the term or duration of such lease, and such other stipulations and conditions as may be initially agreed upon. . . .
Although the land/lease agreement was approved unanimously when brought up to a vote by the former Mayor and Town Council, the lease was never reduced to writing nor signed. In such an instance, this office is of the opinion that no lease *Page 2 
existed to reconsider since it was never reduced to writing as required by LSA-R.S. 41:1292. It follows that the new council may consider whether it is advisable to enter into a lease.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ___________________________ CHARLENE PATTERSON Assistant Attorney General